**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

AIMEE INFANTE,

    Plaintiff,

  v.

SADOT GROUP, INC., CHAGAY RAVID, and
JOHN DOES 1-10,

    Defendants.

CIVIL NO.:

*Civil Action*

**COMPLAINT**

Plaintiff, Aimee Infante ("Plaintiff"), by and through her undersigned counsel, hereby submits this Complaint against Defendants, Sadot Group, Inc. ("Sadot") Chagay Ravid ("Ravid"), and John Does 1-10 (collectively, "Defendants"), and in support thereof, states as follows:

**PARTIES**

1. Plaintiff is an individual resident of the State of New Jersey and the County of Burlington.

2. Upon information and belief, Defendant Sadot is a corporate entity with a place of business located at 1169 N Burleson Boulevard, Suite 107-226, Burleson, Texas 76028 and/or at 295 East Renfro Street, Suite 300, Burleson, Texas 76028.

3. Upon information and belief, Defendant Ravid is an individual resident of the State of Delaware with an address located at 300 Delaware Avenue, Wilmington, Delaware 19801.

4. Defendants John Does 1-10 are fictitious individuals whose identities are presently unknown to Plaintiff; upon information and belief, Defendants John Does 1-10 are responsible for the acts and omissions alleged herein, have supervisory or other binding authority over the

corporate defendant, and/or are members of its board who took part in the acts and omissions at issue herein.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Jersey has jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue in the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. §1391(b)(2) since it is the district in which a substantial part of the events and omissions occurred giving rise to this action, and is the district in which the damages occurred, were suffered, and/or were sustained.

## FACTS COMMON TO ALL COUNTS

7. Defendant Sadot is a corporate entity located in the State of Texas engaged in the business of franchising various fast casual dining establishments, since at least 1995, including several such restaurants within the State of New Jersey.

8. Plaintiff is a veteran corporate executive with nearly twenty years' experience in the casual dining industry and has spent several years working as chief marketing officer.

9. In light of her specialized knowledge and experience, Defendant Sadot pursued and sought to hire Plaintiff, and she entered into an employment agreement with Defendant Sadot on or about February 9, 2022.

10. On or about November 16, 2022, Defendant Sadot and Plaintiff executed and entered into a renewed Executive Employment Agreement, which agreement provides that

Defendant Sadot would employ Plaintiff on a continual basis at an annual salary of $175,000.00. See, November 2022 Executive Employment Agreement ¶ 2.1.

11.     Pursuant to the parties' contractual agreement, Defendant Sadot agreed that Plaintiff would be entitled to a bonus equal to 25% of her base salary, which bonus she is entitled to and is due and owing. Id. ¶ 2.1.

12.     Defendant Sadot further agreed that upon termination "for any reason whatsoever," Plaintiff would also be entitled to, and Defendant Sadot would pay to her: (a) all salary and accrued vacation/paid time off earned through her termination date; (b) her 25% performance bonus; and (c) the fair market value of any shares or stock options she held on her termination date. Id. ¶ 2.2.1 – 2.2.4.

13.     Defendant Sadot further agreed that upon Plaintiff's involuntary termination, Plaintiff shall be entitled to, and Defendant Sadot shall pay Plaintiff, a severance payment in an amount equal to six months of her $175,000.00 base salary, or $87,500.00. Id. ¶ 3.1.

14.     Pursuant to a corporate resolution dated October 29, 2025, Defendant Ravid was appointed as the CEO of the Defendant entity and added to the Board of Directors, thereby assuming control of and responsibility for the Defendant entity.

15.     On or about January 5, 2026, Defendants terminated Plaintiff's employment and its November 16, 2022, Executive Employment Agreement that they had with her.

16.     The decision to terminate Plaintiff was, upon information and belief, made by Defendants, as officers and/or members of Defendant Sadot, members of its corporate compensation committee, and/or with authority to bind it to their decisions.

17.     Indeed, pursuant to Defendant Sadot's corporate policies, its compensation committee is responsible for: (a) setting executive salaries and benefits; (b) approving bonus and

incentive plans; (c) ensuring compliance with regulatory reporting; (d) overseeing compensation disclosures and transparency; and (e) working with external compensation consultants.

18.     At the time of her termination, Plaintiff had accrued over one hundred and sixty (160) hours of earned vacation time, which earned wages Defendants continue to withhold despite their contractual agreement to pay those monies, including accrued amounts that were rolled over from the previous year with Defendants' written approval and consent on or about December 18, 2025, and pursuant to Defendants' internal policies.

19.     As outlined above, Defendants in their employment agreement with Plaintiff agreed that upon her termination, she would be entitled to the following payouts, which amounts are calculated through her January 5, 2026, termination date:

(a) per ¶ 3.1, severance payment, equal to six months' salary, totaling $87,000.00;
(b) per ¶ 2.2.1 and 3.1, accrued salary and vacation time, totaling $13,462.00; and
(c) per ¶ 2.2.2 and 3.1, her 25% performance bonus for 2025, totaling $43,750.00.

20.     Plaintiff., therefore, is entitled to payment from Defendants, jointly and severally, in the total amount of $144,212.00, as of her January 5, 2026, termination date.

21.     Notwithstanding their contractual and statutory obligations to pay Plaintiff her earned wages and severance payment, Defendants continue to illegally and improperly withhold those funds, despite Plaintiff's repeated demands.

22.     Defendants, accordingly, have breached their contractual agreement with Plaintiff by failing to comply with their agreed upon obligations.

23.     As a result of Defendants' intentional and willful misconduct, Plaintiff has sustained damages in an amount exceeding $144,212.00 and is, therefore, entitled to a damages award in that amount, along with punitive damages, sanctions, attorneys' fees, and costs.

**COUNT ONE**
**BREACH OF CONTRACT**

24.     Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

25.     As outlined above, Plaintiff and Defendants entered into a contractual agreement on or about November 16, 2022, whereby Defendants agreed to employ Plaintiff as a corporate executive.

26.     More specifically, Defendants agreed to pay the following amounts to Plaintiff upon her termination from the company:

    (a) per ¶ 3.1, severance payment, equal to six months' salary, totaling $87,000.00;
    (d) per ¶ 2.2.1 and 3.1, accrued salary and vacation time, totaling $13,462.00; and
    (e) per ¶ 2.2.2 and 3.1, her 25% performance bonus for 2025, totaling $43,750.00.

27.     Defendants terminated Plaintiff's employment pursuant to the terms of the contract on or about January 5, 2026; however, and in breach of their contract, Defendants have failed to pay these outstanding amounts due to Plaintiff.

28.     Despite their contractual agreement and obligation to pay Plaintiff her earned wages, vacation time, bonus, and severance payment, totaling $144,212.00, they have failed to remit payment pursuant to the terms of their agreement.

29.     Plaintiff complied with all terms of the parties' contractual agreement, while Defendants breached the contract and remain in default and breach thereof.

30.     As a result of Defendants' willful and egregious breach of the parties' contract, Plaintiff has sustained damages exceeding $144,212.00.

31.     Plaintiff is, therefore, entitled to a judgment in that amount for Defendants' breach of contract.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

(a) awarding Plaintiff her actual damages in the amount of $144,212.00;
(b) awarding Plaintiff punitive damages for Defendants' illegal conduct;
(c) awarding Plaintiff a sanctions award for Defendants' illegal conduct;
(d) awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
(e) granting Plaintiff any such other relief as the Court deems equitable and just.

**COUNT TWO**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201-209, ET SEQ.**

32. Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

33. Plaintiff was entitled to receive the above-referenced contractually mandated severance, wage, earned bonus, and separation payments.

34. Plaintiff earned and met the requirements for the payment of those wages, to which she is entitled.

35. Despite Plaintiff's earning the subject wages, funds, and severance payments, Defendants continue to refuse and willfully fail to pay Plaintiff her earned wages.

36. Defendants' failure to pay Plaintiff wages that she earned and to which she is entitled, is a violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

37. Moreover, Plaintiff is entitled to an award of her actual damages, punitive damages, and an award of attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

38. Since Defendants have failed to pay to Plaintiff her earned wages, which failure and breach continues to date, Plaintiff is entitled to a full recovery pursuant to 29 U.S.C. § 216(b).

39. Since Defendants continue to illegally withhold wages Plaintiff rightfully earned and wages that Defendants agreed to pay to her, they have brazenly violated the statute and Plaintiff's rights.

40.     As a direct and proximate result of Defendants' violation of the Fair Labor Standards Act, Plaintiff has sustained damages; these damages include, but are not limited to, the entirety of the wages she is owed as outlined above, along with the statutory penalties for withholding earned wages.

41.     Plaintiff is, therefore, entitled to relief pursuant to the Fair Labor Standards Act against Defendants herein jointly and severally.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

(a)  awarding Plaintiff her actual damages in the amount of $144,212.00;
(b)  awarding Plaintiff punitive damages for Defendants' illegal conduct;
(c)  awarding Plaintiff a sanctions award for Defendants' illegal conduct;
(d)  awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
(e)  granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT THREE
## VIOLATION'S OF NEW JERSEY'S WAGE PAYMENT LAW, N.J.S.A. § 34:11-4.1

42.     Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

43.     Plaintiff was entitled to receive the above-referenced contractually mandated severance, wage, and separation payments.

44.     Plaintiff earned and met the requirements for the payment of those wages, to which she is entitled.

45.     Despite Plaintiff's earning the subject wages, funds, and severance payments, Defendants continue to refuse and willfully fail to pay Plaintiff her earned wages.

46.     Defendants' failure to pay Plaintiff wages that she earned and to which she is entitled, is a violation of New Jersey's Wage Payment Law, N.J.S.A. § 34:11-4.1, et seq.

47. Indeed, the statue provides that when Defendants fail to pay Plaintiff her earned wages, which failure continues to date, Plaintiff is entitled to 200% of the wages claimed, as punitive damages.

48. Since Defendants continue to illegally withhold wages Plaintiff rightfully earned and wages that Defendants agreed to pay to her, they have brazenly violated the statute and Plaintiff's rights.

49. As a direct and proximate result of Defendants' violation of the New Jersey Wage Payment Law, Plaintiff has sustained damages; these damages include, but are not limited to, the entirety of the wages she is owed as outlined above, along with the statutory penalties for withholding earned wages.

50. Plaintiff is, therefore, entitled to relief pursuant to New Jersey's Wage Payment Law against Defendants herein jointly and severally.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

(a) awarding Plaintiff her actual damages in the amount of $144,212.00;
(b) awarding Plaintiff punitive damages for Defendants' illegal conduct;
(c) awarding Plaintiff a sanctions award for Defendants' illegal conduct;
(d) awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
(e) granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT FOUR
## VIOLATIONS OF THE TEXAS PAYDAY LAW, V.T.C.A, § 61.051

51. Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

52. Plaintiff was entitled to receive the above-referenced contractually mandated severance, wage, and separation payments.

53.     Plaintiff earned and met the requirements for the payment of those wages, to which she is entitled.

54.     Despite Plaintiff's earning the subject wages, funds, and severance payments, Defendants continue to refuse and willfully fail to pay Plaintiff her earned wages.

55.     Defendants' failure to pay Plaintiff wages that she earned and to which she is entitled, is a violation of the Texas Payday Law, V.T.C.A. § 61.051, et seq.

56.     The statute provides that upon Defendant's failure to pay Plaintiff her earned wages, she is entitled to an award equal to the wages withheld.

57.     Since Defendants continue to illegally withhold wages Plaintiff rightfully earned and wages that Defendants agreed to pay to her, they have brazenly violated the statute.

58.     As a direct and proximate result of Defendants' violation of the Texas Payday Law, Plaintiff has sustained damages; these damages include, but are not limited to, the entirety of the wages she is owed as outlined above, along with the statutory penalties for withholding earned wages.

59.     Plaintiff is, therefore, entitled to relief pursuant to the Texas Payday Law against Defendants herein jointly and severally.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

(a) awarding Plaintiff her actual damages in the amount of $144,212.00;
(b) awarding Plaintiff punitive damages for Defendants' illegal conduct;
(c) awarding Plaintiff a sanctions award for Defendants' illegal conduct;
(d) awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
(e) granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT FIVE
## UNJUST ENRICHMENT

60.    Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

61.    Notwithstanding that Defendants breached their statutory and wage payment obligations, by continuing to illegally withhold Plaintiff's funds, Defendants have been unjustly enriched in the amount of $144,212.00.

62.    As a direct and proximate result of Defendants' misconduct, Plaintiff has sustained significant damages; these damages include, but are not limited to, the entirety of the wages and monies Plaintiff owed, exceeding $144,212.00.

63.    Plaintiff is, therefore, entitled to relief against Defendants herein jointly and severally for the unjust enrichment and retention of Plaintiff's funds.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

    (a) awarding Plaintiff her actual damages in the amount of $144,212.00;
    (b) awarding Plaintiff punitive damages for Defendants' illegal conduct;
    (c) awarding Plaintiff a sanctions award for Defendants' illegal conduct;
    (d) awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
    (e) granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT SIX
## QUANTUM MERUIT

64.    Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

65.    Moreover, and alternatively, Plaintiff is entitled to recover from Defendants under a quantum meruit theory.

66.    As a direct and proximate result of Defendants' misconduct, Plaintiff has sustained damages in the amount of $144,212.00, which monies continue to be illegally and improperly withheld by Defendants.

67.    Plaintiff is, therefore, entitled to a judgment in the amount of $144,212.00 for Defendants' continued retention of stolen funds.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

(a) awarding Plaintiff her actual damages in the amount of $144,212.00;
(b) awarding Plaintiff punitive damages for Defendants' illegal conduct;
(c) awarding Plaintiff a sanctions award for Defendants' illegal conduct;
(d) awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
(e) granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT SEVEN
### BREACH OF NEW JERSEY'S COVENANT OF GOOD FAITH AND FAIR DEALING

68.    Plaintiff hereby incorporates the foregoing allegations as if set forth at length herein.

69.    Each and every contract in the State of New Jersey contains an implied covenant of good faith and fair dealing.

70.    Defendants' failures and refusals to pay Plaintiff the wages and monies she earned and to which she is entitled, are outright breaches of the implied covenant of good faith and fair dealing.

71.    Defendants' willful and intentional breaches of the implied covenant of good faith and fair dealing have proximately caused Plaintiff to sustain damages, including but not limited to the wages they have stolen from Plaintiff and continued to illegally retain.

72.    Plaintiff is, therefore, entitled to relief against Defendants herein jointly and severally for the unjust retention of Plaintiff's funds in the amount of $144,212.00.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, for the following relief:

(a) awarding Plaintiff her actual damages in the amount of $144,212.00;
(b) awarding Plaintiff punitive damages for Defendants' illegal conduct;
(c) awarding Plaintiff a sanctions award for Defendants' illegal conduct;
(d) awarding Plaintiff her reasonable attorneys' fees and costs accrued herein; and
(e) granting Plaintiff any such other relief as the Court deems equitable and just.

_/s/ James A. French_
James A. French, Esq.
NJ ID No.: 134352014
929 Edgemoor Road
Cherry Hill, New Jersey 08034
(732) 664-2757
*Attorneys for Plaintiff, Aimee Infante*

Dated: July 6, 2026